### THOMAS WHITE, qui tam, v. CLEMENT STAFFORD.

Court of Common Pleas.  Sussex.  May, 1794.

*Miller's Notebook, 58.*

*Miller,* for the plaintiff, moved to change the venue in this cause to a neighboring county, upon the following affidavit, to wit: that he apprehended he, the plaintiff, should not have a fair and impartial trial of the said cause in the County of Sussex; that he believed a more just and impartial determination thereof would be had in one of the other counties of this state, owing to the interests, connections, prejudices and prevailing sentiments of the generality of the inhabitants in the County of Sussex.  He contended that by the Constitution of this state, Article 1, s. 9, the Common Pleas are vested with the power of removing causes from one county to another, wherever it shall be determined that an impartial trial thereof cannot be had in the county where the suit was instituted.  That the practice in the English courts was governed by the same principles.  Where the courts are convinced that there cannot be a fair, satisfactory and impartial trial of the cause, it may be removed to another county.  1 Wils. 298, 3 Burr. 1564.  That the practice in the Supreme Court of Delaware has established the law on this subject by several decisions and the removals which ensued from the County of Sussex to. Kent.  That as to the evidence to be offered to the Court, none can be expected but the affidavit of the plaintiff, expressed in direct, positive terms.

*Peery* and *Hall,* for defendant.  By the Constitution the judges are to have such evidence as shall determine them and satisfy their minds that an impartial trial cannot be had in the court and county where the record remains.  This cannot intend the single, uncorroborated affidavit of the party.  It must contemplate a full investigation of the question, a deliberate inquiry, a

674

comparison of opposite proofs, and a determination or judgment formed thereon. This affidavit then is insufficient, and in order to counteract its effect and disprove its declaration, we will produce several witnesses, respectable inhabitants of this county, to testify their apprehensions and opinions relative to the interests, connections, prejudices and prevailing sentiments of the generality of the inhabitants of Sussex County.

Several witnesses were then produced on the part of the defendant, who made oath that from their knowledge of Sussex County they did apprehend a fair and impartial trial of this cause might be had in the said county; that they knew many persons who favored the exportation of Negroes, but they were a minority of the people.

BASSETT, C. J. The Court have afforded this case a very full consideration before and during the argument. In every case it is our wish that justice should be administered in a satisfactory as well as impartial manner. For this purpose, it will be sometimes necessary, when parties sincerely apprehend they will not have a fair and impartial trial, and when there seems some foundation for such an impression, to allow the removal of the record from one county to another. In this way, prejudices on either side, apprehensions of unfairness and injustice, and all doubts and anxiety will be done away. The parties will come before a jury which knows nothing of them or their cause. All fears will be dispelled, and let the verdict be as it may, the parties will think it an impartial determination. The practice of the Supreme Court for several years previously to our present Constitution, was founded upon these principles. It was liberal and satisfactory. Several other authorities might be added to those produced by counsel for the motion. It is unnecessary to mention many of them, Lil.Abr. 6, 2 Str. 874, 1 Term 366, 368.