BRANDYWINE MUSHROOM CORPORATION and INTERSTATE MUSH-
ROOM CO., INC., corporations of the State of Delaware,
BRANDYWINE GROWING CORPORATION and WATKINS LEASING
COMPANY, foreign corporations, and VERNIE O. PHILLIPS, v.
HELEN H. THOMPSON, Administratrix of the Estate of Her-
bert A. Thompson, Deceased.

(*January* 13, 1958.)

CAREY, J., sitting.

*Howard T. Ennis, Jr.* (of McNeilly and Ennis) for plaintiffs.

*David Snellenburg, II,* (of Killoran and Van Brunt) for defendant.

Superior Court for Sussex County, No. 171, Civil Action, 1957.

CAREY, J.:

The question here is whether we have the power over objection to order a joint trial of two cases under Rule 42(a), Superior Court Rules, *Del. C. Ann.* when those suits have been instituted in different counties.

This action was begun in Sussex County against the Administratrix of Herbert A. Thompson, who was killed in the accident which forms the basis of the suit. The Administratrix of Mr. Thompson is also his widow. As such widow, she brought a separate suit in the Superior Court in and for New Castle County against some of these same plaintiffs under our Death Act. She states that the two cases have common questions of law and fact and seeks a joint trial under Rule 42(a). Plaintiffs object to the granting of this petition.

Article 1 Section 9 of the Constitution of this State, *Del. Code Ann.* provides in part as follows: "every action shall be tried in the county in which it shall be commenced, unless when the judges of the court in which the case is to be tried shall determine that an impartial trial thereof cannot be had in that county". This provision has been a part of our Constitution since 1792. Obviously, the cases cannot be jointly tried without

transferring one of them to a County other than that in which it was commenced.

The quoted language from our Constitution has apparently been commented upon in only one reported case, namely *Jacobs v. Aydelot*, 1 *Del. Cas.* 411. That was an action of trover, and the Court held that the Court does not have any discretion to change the venue unless it is satisfied that an impartial trial cannot be had in the County where the suit is pending. In two other civil cases, a change of venue was requested and granted. One is *Parker v. Hazzard*, 1 *Del. Cas.* 5 and the other is *White v. Stafford*, 1 *Del. Cas.* 673. The report of the *Parker* case is very vague and limited, and simply consists of some notes made by an attorney at the time. In it, the venue was changed apparently solely on affidavit of the plaintiff that he could not have a fair trial. The *White* case does not touch upon the meaning of the Constitution; the Court heard witnesses on the question of whether a "fair and impartial" trial could be had in Sussex County. It granted the change of venue after being convinced that there was reason to believe that certain sentiments and prejudices existing in Sussex County rendered it probable that the trial would not be impartial, if conducted there.

There is no reason to believe that the quoted section of the Constitution is limited to criminal actions; in fact, the cases cited above stand for the opposite proposition. Likewise, there is no reason to think that the Court in those cases was using the word "fair" in any other sense than "impartial"; indeed, the Constitutional language is so plain that it would be surprising to find the Court using the word in any other sense. The meaning is clear. We cannot grant a change of venue, over objection, without first finding that an impartial trial cannot be had in the County.

In the present case, it is not even suggested that this necessary condition precedent exists in fact. It may well be that the time of the Court and expense to the parties could be saved by trying the two cases together; and it may be that it would

be highly advantageous for us to have the power in proper situations to consolidate cases from different counties, even over objection. There is no need to consider the relative advantages and disadvantages of doing so in this instance, however, because in my opinion no discretion is permitted save under the exception contained in the Constitution itself. It would hardly be argued that the Court had the right to alter the Constitution by adopting Rule 42.

Defendant's motion must be denied.